Case 2:21-cv-00151   Document 11   Filed on 09/27/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PABLO ENRIQUE URIBE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-151 |
| | § | |
| MARTHA ARMIJO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Pablo Enrique Uribe, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening, the undersigned respectfully recommends that Plaintiff's Eighth Amendment deliberate indifference claims against Defendants in their individual and official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is currently confined as both a pretrial and post-trial detainee at the Bee County Jail in Beeville, Texas. Plaintiff's allegations in this case arise when he was first booked into the Bee County Jail on April 30, 2021.

Plaintiff sues the following defendants in this action: (1) Corporal Martha Armijo; (2) Jail Administrator Michael Page;[2] (3) Sheriff Southmayd; and (4) Unidentified other employees present. Plaintiff generally alleges that jail officials acted with deliberate indifference to his health by placing him in a holding cell in which carbon monoxide was being emitted from the vents. In addition to asking the Court to investigate whether carbon monoxide was present in the holding cell, Plaintiff seeks compensatory damages for mental anguish and lost work. (D.E. 1, p. 4).

On September 8, 2021, the undersigned conducted a *Spears*[3] hearing. The following representations were made either in Plaintiff's Original Complaint (D.E. 1) or at the *Spears* hearing. On April 30 2021, Plaintiff was arrested for driving with an invalid license. (D.E. 9, pp. 8-9). Plaintiff was booked into the Bee County Jail. (D.E. 9, p. 9). Plaintiff was then released on a Personal Recognizance (PR) bond.

---

[2] Plaintiff misspelled this defendant's first name as "Michale."
[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff was taken back into custody at the Bee County Jail on May 5, 2021 and charged with the felony of tampering with physical evidence. (D.E. 9, pp. 6, 9). Plaintiff testified that he previously was on parole and taken into custody on a blue warrant based on the new felony charge brought against him. (D.E. 9, pp. 7-8). Plaintiff is ineligible for release on bond due to the blue warrant. Plaintiff has been in continuous custody at the Bee County Jail since May 5, 2021.

Plaintiff's claims arise in connection with his initial booking on the invalid license charge into the Bee County Jail on April 30, 2021. He clarified at the *Spears* hearing that his lawsuit was about carbon monoxide poisoning. (D.E. 9, p. 10). When Plaintiff was booked into the jail, he was placed in a temporary holding cell by himself. It became apparent to Plaintiff that, when all the hair on his arms stood up, carbon monoxide was coming out of the A/C vent. (D.E. 9, p. 10). Plaintiff has an HVAC license and opined based on his ten years of experience working with HVAC systems that ordinary refrigerants do not cause this reaction. (D.E. 9, pp. 10, 14). He testified that it is rather easy to test an HVAC system for carbon monoxide. (D.E. 9, p. 12).

Plaintiff advised Corp. Armijo of this matter, showing his arm to her. (D.E. 9, p. 10). Plaintiff informed Corp. Armijo that carbon monoxide leaves a purple haze, which was present in the holding cell. (D.E. 9, p. 14). Corp. Armijo went around the counter and pushed a button. She then removed Plaintiff from the holding cell and placed him in another cell. (D.E. 9, pp. 10, 17-18). Plaintiff did not suffer any medical complications during his short time in the holding cell. (D.E. 9, p. 11). Plaintiff has not experienced the sensation of hair standing up or seen purple haze in any other location of the Bee County Jail. (D.E. 9, p. 18). Plaintiff

further testified that he was not aware of any person in the Bee County Jail who has been hurt or hospitalized for carbon monoxide poisoning. (D.E. 9, p. 11).

Plaintiff conceded that he does not intend to sue Corp. Armijo. (D.E. 9, pp. 17, 24). Plaintiff seeks to sue the individual responsible for allowing carbon monoxide into the ventilation system, which could either be Jail Administrator Page or Sheriff Southmayd. (D.E. 9, p. 17, 24).

### III.  LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322,

324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

Plaintiff claims that Defendants acted with deliberate indifference to his health by exposing him to carbon monoxide during his short stay in the holding cell of the Bee County

Jail. Plaintiff's allegations reflect that he was confined at the jail as both a pretrial and post-trial detainee.

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment. *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement."). Thus, regardless of Plaintiff's status as either a pretrial detainee or a post-trial detainee on a parole violation, his deliberate indifference claims will be analyzed under the same principles. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (recognizing that there is "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care").

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could

be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. "Even proof of gross negligence does not establish deliberate indifference." *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

Plaintiff alleges that he was in the temporary holding cell for a short amount of time, that Corp. Armijo removed Plaintiff from the holding cell immediately after he complained to her about the presence of carbon monoxide, that he did not suffer any medical issues in connection with his short stay in the holding cell, and that he was moved to another cell where no carbon monoxide was present. Plaintiff's allegations, accepted as true, fail to indicate that he was subjected to a substantial risk of serious harm. *See Sims v. Watson*, No. 6:19-CV-06034, 2019 WL 2518155, at *1-2 (W.D. Ark. May 9, 2019) (explaining that prisoner failed to satisfy the objective prong for deliberate indifference with regard to his alleged exposure to carbon monoxide by failing to describe how his health was adversely affected).

Furthermore, Plaintiff testified at the *Spears* hearing that he does not seek to hold Corp. Armijo liable for her conduct. Plaintiff alleges no specific facts to indicate that either Jail Administrator Page or Sheriff Southmayd were aware of any risks posed by carbon monoxide to detainees in the holding cell and then failed to take any corrective action to alleviate that risk. Indeed, Plaintiff testified that he had no knowledge of any individual at the Bee County

Jail being injured as a result of carbon monoxide poisoning. (D.E. 9, p. 11). Plaintiff otherwise alleges nothing to indicate that any jail official acted with the requisite deliberate indifference to his health on April 30, 2021. Plaintiff, therefore, has failed to state an actionable Eighth Amendment claim against Defendants.

Moreover, to the extent Plaintiff seeks compensatory damages for his Eighth Amendment claims, such claim is barred by 42 U.S.C. § 1997e(e). This statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury …." 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injuries and instead seeks compensatory monetary relief for mental anguish and lost work. Plaintiff's failure to allege any physical injury operates to bar any claim for compensatory monetary damages. *See Steinocher v. Ball*, No. H-19-2205, 2019 WL 2716623, at *2 (S.D. Tex. June 28, 2019).

## V. RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), it is respectfully recommended that Plaintiff's Eighth Amendment deliberate indifference claims, based on alleged exposure to carbon monoxide, against Defendants in their individual and official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

## VI. DIRECTIONS TO CLERK OF COURT

This inmate civil rights action alleges that a defect in the air conditioning system at the Bee County Jail caused carbon monoxide to be released into an area where inmates are being detained. Although it is recommended the case be dismissed, the undersigned believes it is appropriate to notify Sheriff Southmayd of the allegations just in case there actually is a problem with the air conditioning system. Sheriff Southmayd is instructed that no appearance, response, or other action is currently required in this federal civil action.

Therefore, the Clerk of Court is **DIRECTED** to mail a courtesy copy of this Memorandum and Recommendation to **Bee County Sheriff Alden E. Southmayd III, 1509 Galloway Dr., Beeville, Texas 78102**.

Respectfully submitted this 27th day of September, 2021.

                                                          Jason B. Libby
                                            United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).